\* WALTER SCHEU v. STATE OF OHIO.

1. MANAGER LIABLE FOR SALES OF INTOXICATING LIQUORS IN ROSE LOCAL OPTION LAW TERRITORY FROM A BREWERY DURING HIS ABSENCE.

Sales of intoxicating liquors in "dry" counties in violation of act. 99 O. L. 35, the "Rose county local option law," in this case, beer sold from a brewery in quantities of one gallon or more, in conformity to general instructions by the manager, make him liable personally for such unlawful sales notwithstanding his absence from the brewery at the time the sale was made.

2. SALES OF INTOXICATING LIQUORS' AT MANUFACTORIES IN WHOLESALE QUANTITIES IN LOCAL OPTION COUNTIES ILLEGAL.

Since Sec. 3 of act 99 O. L. 36, the "Rose county local option law," furnishes its own exceptions to its operation, exceptions made in favor of sales of intoxicating liquors at the manufactory "in quantities of one gallon or more," etc., by Sec. 8 of act 84 O. L. 224, the Dow law, do not apply and cannot be read into the later act, to permit such sales in local option counties.

[Syllabus approved by the court.]

ERROR to Tuscarawas common pleas court.

**A. D. Metz, J. F. Greene** and **J. D. T. Bold,** for plaintiff in error.

**J. F. Wilkin** and **D. R. Wilkin,** for defendant in error:

Cited and commented upon the following authorities: *Senior* v. *Ratterman,* 44 Ohio St. 661 [11 N. E. Rep. 321]; *People* v. *Hinchman,* 75 Mich. 587 [42 N. W. Rep. 1006; 4 L. R. A. 707]; *Commonwealth* v. *Mandeville,* 142 Mass. 469 [8 N. E. Rep. 327]; *Slingluff* v. *Weaver,* 66 Ohio St. 621 [64 N. E. Rep. 574]; *Stevens* v. *State,* 61 Ohio St. 597 [56 N. E. Rep. 478]; Black, Interp. Laws 171; *People* v. *Wood,* 71 N. Y. 371; *Stockton* v. *Railway,* 50 N. J. Eq. 52 [24 Atl. Rep. 964; 17 L. R. A. 97]; *Pennsylvania Ry.* v. *Riblet,* 66 Pa. St. 164 [5 Am. Rep. 360]; *Coosaw Min. Co.* v. *South Carolina,* 144 U. S. 550 [12 Sup. Ct. Rep. 689; 36 L. Ed. 537]; *State* v. *Fertilizer Co.* 24 Ohio St. 611; *Hanoff* v. *State,* 37 Ohio St. 178 [41 Am. Rep. 496]; *Hartshorn* v. *State,* 29 Ohio St. 635.

## DONAHUE, J.

The plaintiff in error brings this proceeding in this court to reverse the judgment of the common pleas court rendered in an action wherein

---

\*Affirmed, *Scheu* v. *State,* 56 Bull. 4;- 83 O. S. 000.

the state of Ohio prosecuted Walter Scheu for the illegal sale of intoxicating liquors.

There are two questions made in this record, and the one we shall notice first is the contention that Walter Scheu is not responsible for the sale of liquor made by Mr. Murphy, one of the clerks. The last question asked Walter Scheu on cross-examination is as follows:

"I want to ask you Mr. Scheu, whether or not this beer sold to George Kuemerly, although made in your absence, was made in conformity to general instructions given by you to Mr. Murphy?" Ans. "Yes, sir."

But for the last question and answer, there is nothing in the record that would show Mr. Scheu is responsible for this sale. True, the record shows he was the manager of this brewery, but the policy of the brewery company was determined by its directors, and up to this time Mr. Scheu had not been connected by the evidence with the sale, but this answer shows that, if this sale is illegal, Mr. Scheu is equally responsible with Mr. Murphy.

The important question, however, and the one in which counsel on both sides are particularly interested, is whether this brewing company may sell at its brewery, beer manufactured there, in quantities of a gallon or more, notwithstanding the local option election in this county resulted in a majority against the sale.

This is a question of considerable importance throughout the state.

Looking to the law itself we find no exceptions made in favor of manufacturers or brewing companies any more than any other company or individual. Yet it is insisted that Sec. 8 of the Dow law, 84 O. L. 224, applies, and I take it that counsel's idea of "quantities of a gallon or more" is suggested by the language of Sec. 8 of the Dow law, which is as follows:

"Trafficking in intoxicating liquors, as used in this act, means the buying or procuring and selling of intoxicating liquors otherwise than upon prescription issued in good faith by reputable physicians in active practice, or for exclusively known mechanical, pharmaceutical or sacramental purposes, but such phrase does not include the manufacture of intoxicating liquors from the raw material, and the sale thereof at the manufactory, by the manufacturer of the same in quantities of one gallon or more at any one time."

Now if that obtains in this case, of course this sale was not illegal. And if nothing appeared to the contrary in the Rose local option law itself, we would be disposed to construe all of these sections together giving effect to every act and parts of acts related to the common sub-

Scheu v. State.

ject, but the Rose local option law leaves nothing to construe in this respect, but in plain and unequivocal language provides its own exceptions. Section 3 of that act is as follows:

"The phrase 'intoxicating liquors' as used in this act shall be construed to mean any distilled, malt, vinous or any intoxicating liquor whatever. But nothing in this act shall be construed to prevent the selling of intoxicating liquors at retail by a regular druggist for exclusively known medicinal, pharmaceutical, scientific, mechanical or sacramental purposes; and when sold for medicinal purposes it shall be sold only in good faith upon a written prescription, signed and dated in good faith by a reputable physician in active practice and the prescription used but once."

This is a re-enactment of the greater part of Sec. 8 of the Dow law. If there could have been any implication whatever that Sec. 8 of the Dow law was to obtain, then it would be useless to reiterate this language in Sec. 3. It is clearly the intention of the legislature to limit the exceptions to those found in Sec. 3 in the Rose act, and not that the exceptions in the Dow law should apply. That is the language of the law, and it is the duty of the court to interpret the law as it is written without adding to or taking from and without attempting to decide upon the practicability or advisability of it.

In the case of *Slingluff* v. *Weaver*, 66 Ohio St. 621 [64 N. E. Rep. 574], the Supreme Court say:

"But the intent of the lawmakers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation."

We think this language is as plain and clear as it is possible to write the English language; there is no possibility of being mistaken about it. The law, as it is written, prevents the sale under any and all other circumstances, except the circumstances named in Sec. 3 of the act, and any attempt to enlarge these exceptions would be nothing short of judicial legislation.

We are not unmindful of the argument of counsel that such a construction jeopardizes or perhaps even makes worthless, property of enormous value used in the manufacture of this product, but that argument cannot affect the correct interpretation of the law, and is proper only for the purpose of calling our attention to the seriousness of the question presented, and that a conclusion that would work such result ought not lightly to be arrived at, but this question is hardly

Tuscarawas County.

an open one in Ohio.    Construing similar legislation, the Supreme Court in *Stevens* v. *State*, 61 Ohio St. 597 [56 N. E. Rep. 478], say:

"The sale of beer as a beverage, in any quantity, whether by the manufacturer or not, is prohibited in a township where the people have availed themselves of the provisions of the local option law."

Let us change that language by substituting the word "county" for "township." "The sale of beer as a beverage, in any quantity, whether by the manufacturer or not, is prohibited in a county where the people have availed themselves of the provisions of the local option law."    It is clear to us that the Supreme Court has passed upon substantially the same statute as the one in question and has held against the contention of the plaintiff in error.

This court is of the opinion that the judgment of the common pleas court must be affirmed.

**Taggart** and **Voorhees, JJ.,** concur.